KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiffs,
Lee & Connie Warren

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee & Connie Warren,<br><br>  Plaintiffs,<br><br> vs.<br><br>United Recovery Systems, L.P.; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Lee & Connie Warren, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Lee & Connie Warren (hereafter "Plaintiffs"), are adult individuals residing in Vernon, Arizona, and are each a "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, United Recovery Systems, L.P. (hereafter "URS"), is a Texas business entity with an address of 5800 North Course Drive, Houston, Texas 77072, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by URS and whose identities are currently unknown to the Plaintiffs. One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

7. URS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to URS for collection, or URS was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **URS Engages in Harassment and Abusive Tactics**

12. Within the last year, URS invasively called Plaintiffs on their home and cellular phones numerous times.

13. URS called Mr. Warren's father, pretending to check on a reference for Mr. Warren in relation to an employment opportunity and drilled Mr. Warren's father for personal information about Mr. Warren.

3

14. URS had already been calling Plaintiffs incessantly and had no legitimate reason for contacting Mr. Warren's father.

15. Due to the harassment, Plaintiffs sent a letter to URS on May 12, 2011, entitled "CEASE AND DESIST ORDER" ("the Letter").

16. The Letter states, "As per the Fair Debt Collection Practices Act, I am writing to demand that you stop calling me at my home, work, on my cell phone, or any other location. I also do not wish to have any further written or electronic communication from you. Your company is not to call or communicate to any third party acquaintances, such as friends, neighbors, or relatives."

17. Plaintiffs sent the Letter to URS via certified mail.

18. URS received the Letter on May 17, 2011.

19. However, despite Plaintiffs' written request, URS continued to place calls to Mr. Warren's cellular telephone in an attempt to collect the Debt.

**C.    Plaintiffs Suffered Actual Damages**

20. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

4

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

23. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

25. The Defendants contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiffs, in violation of 15 U.S.C. § 1692c(a)(1).

26. The Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

27. The Defendants contacted the Plaintiffs after having received written notification from the Plaintiffs to cease communication, in violation of 15 U.S.C. § 1692c(c).

28. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31. The Defendants used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

32. The Defendants failed to send the Plaintiffs a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

33. The Defendants failed to send the Plaintiffs a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

34. The Defendants failed to send the Plaintiffs a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

35. The Defendants failed to send the Plaintiffs a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

36. The Defendants failed to send the Plaintiffs a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

37.

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## **COUNT II**

## **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

40. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendants violated Arizona state law.

43. The Defendants intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with excessive phone calls.

44. The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

45. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, the Plaintiffs is entitled to actual damages in an amount to be determined at trial from Defendants.

47. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

8

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

E. Punitive damages;

F. For Plaintiffs' statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341;

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 26, 2012         LEMBERG & ASSOCIATES, LLC


By:  /s/  Kindra Deneau
Kindra Deneau

Attorney for Plaintiffs
Lee & Connie Warren